■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELICIA TARVER, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 12, 1986, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts), attempted criminal sale of a controlled substance in the third degree (two counts) and promoting prison contraband in the first degree (two counts).

Defendant was found guilty as charged of two counts of criminal possession of a controlled substance in the third degree, two counts of attempted criminal sale of a controlled substance in the third degree and two counts of promoting prison contraband in the first degree. These charges arose from defendant's role in attempting to transmit a quantity of cocaine and heroin to an inmate at the Albany County Jail. Defendant was sentenced to concurrent indeterminate terms of incarceration of 7½ to 15 years on the possession counts, 7½ to 15 years on the attempted sale counts and 2 to 4 years on the contraband counts.

On this appeal, defendant first claims that County Court improperly failed to exercise its discretion by not placing its rationale for the denial of her *Sandoval* motion on the record. Our review of the record reveals that County Court explicitly found that defendant's prior convictions were not remote in time, would have bearing on defendant's credibility and showed a propensity to elevate defendant's own self-interest over that of society. Thus, County Court clearly exercised its discretion in an acceptable manner and defendant's claim must be rejected. Likewise without merit are defendant's contentions that County Court should have excluded her prior convictions or, at least, employed a *Sandoval* compromise by allowing the admission of defendant's earlier felony conviction without disclosure of the factual incidents. The prior crimes at issue were petit larceny and criminal possession of stolen property in the second degree and did not involve drugs in any way. Thus, these convictions were sufficiently different from the crimes charged in the instant indictment that we cannot say that County Court erred in its ruling on the *Sandoval* motion. In this regard, we note that County Court

properly indicated that it would give an instruction that any prior conviction could only be considered for issues of credibility *(see generally, People v Pavao,* 59 NY2d 282, 291-292).

We further find no reason to invoke our authority to upset the sentence, which is within the statutory guidelines and cannot be deemed excessive, especially considering defendant's lengthy and increasingly more serious criminal record. Similarly, we decline to consider defendant's contention that County Court improperly charged that cocaine and heroin are dangerous contraband within the meaning of the Penal Law. No exceptions or requests were made by defendant concerning the charge and, therefore, this issue has not been preserved for review on appeal.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.